IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JONATHAN M. ROBINSON**                                                            **PLAINTIFF**

v.                                                                            1:16-cv-103-HSO-JCG

**MARSHALL FISHER,
CRAWSON UNKNOWN**
*Commander*,
**JASON UNKNOWN,
JOHN DOE,
JOHN AND JANE DOES,** and
**RONALD WOODALL**                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION THAT THE CLAIMS AGAINST DEFENDANT RONALD WOODALL BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

BEFORE THE COURT is the Motion to Dismiss for Failure to Exhaust Available Administrative Remedies (ECF No. 19), filed by Defendant Dr. Ronald Woodall. Plaintiff Jonathan M. Robinson, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC), has filed a Response (ECF No. 27). Having reviewed the submissions of the parties, the record, and relevant law, it is recommended that Dr. Woodall's Motion to Dismiss for Failure to Exhaust Available Administrative Remedies (ECF No. 19) be granted and the claims against Dr. Woodall dismissed without prejudice.

I. BACKGROUND

Plaintiff was previously housed by MDOC at the George County Work Center in Lucedale, Mississippi. (ECF No. 1, at 4). While housed at the Work Center,

Plaintiff was assigned to the George County Road Maintenance Department, where he worked under the supervision of a county employee named Jason. *Id.* at 5.

On February 8, 2015, Plaintiff and Jason were filling potholes along a road. *Id.* Plaintiff had not been provided with any "personal protective equipment such as boots." (ECF No. 11, at 2). Jason allegedly ordered Plaintiff to ride with him on the tractor to the next pothole, even though the tractor was designed to seat only one. (ECF No. 1, at 5). Plaintiff complied because he feared being charged with a rule violation if he refused. *Id.* at 10-11. While moving to the next pothole, Jason drove the tractor over a bump in the road, causing Plaintiff to fall off the tractor. *Id.* at 5. Plaintiff asserts that Jason ran over him, breaking his left leg in two places, detaching his calf muscle, and crushing his foot. *Id.* at 5-6.

Plaintiff was taken to Forrest General Hospital, in Hattiesburg, Mississippi, where he was treated and remained for a little over a month, until mid-March 2015. *Id.* at 6-7. When Plaintiff returned to prison, he was transferred to South Mississippi Correctional Institution (SMCI), in Leakesville, Mississippi, where he was under the care of Defendant Dr. Woodall. (ECF No. 1, at 7). Plaintiff remained in an observation cell at SMCI's infirmary for around three months. *Id.* at 4. Dr. Woodall then released Plaintiff to general population. *Id.* at 7.

Plaintiff maintains:

> While in the infirmary, I repeatedly requested to ILAP[1] to pick up a ARP. But either the staff I was giving it to did not drop the forms in the right box, or the forms were ignored, or during ILAP I would be at a Dr. appointment. I repeatedly tried to follow MDOC procedures to file this

---

[1] Inmate Legal Assistance Program

> ARP but through no fault of my own it never happened. I am attaching my handwritten copy I wrote while in the infirmary as Exhibit "A."

*Id.*

On March 24, 2016, thirteen and a half months after the tractor incident, Plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 1983 and state law. Plaintiff sues Jason for deliberate indifference to his safety and brings a *respondeat superior* claim against Marshall Fisher, MDOC's Commissioner. Plaintiff also sues Fisher and Commander Crawson for negligently failing to provide safety equipment to him.

On May 25, 2016, Plaintiff amended his Complaint to add a claim against Dr. Woodall for "fail[ing] to continue the care prescribed by a specialist, specifically Dr. Gregg." (ECF No. 11, at 3). Plaintiff maintains that Dr. Gregg ordered that Plaintiff be allowed to walk around for about thirty minutes every day to prevent a blood clot and stiffness. (ECF No. 11, at 2). Plaintiff submits: "Further I did not continue the physical therapy which was started at Forest [sic] General Hospital." *Id.*

Plaintiff also amended his Complaint to sue two nurses at SMCI who he contended were liable for not assisting him in filing a grievance while he was in SMCI's infirmary. On June 14, 2016, District Judge Halil Suleyman Ozerden dismissed the claims against the nurses for failure to state a claim. (ECF No. 14). Judge Ozerden assessed a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g).

Plaintiff seeks compensatory damages. He requests that the State and George County split his future medical care costs and pay for him to go to college. (ECF No. 1, at 11).

## II. DISCUSSION

A. <u>Legal Standard</u>

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Because Plaintiff is proceeding *pro se,* the Court holds his "complaint to 'less stringent standards than formal pleadings drafted by lawyers.'" *Hale v. King,* 642 F.3d 492, 499 (5th Cir. 2011) (citing *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002)). However, even a *pro se* plaintiff seeking to avoid a Rule 12 dismissal must "allege sufficient facts to raise a right to relief above the speculative level." *Flynn v. CIT Grp.,* 294 F. App'x 152, 154 (5th Cir. 2008).

4

Generally, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

The Court will consider as part of the pleadings the document entitled "Request for Administrative Remedy" that Plaintiff has attached to his Complaint. Plaintiff contends that he wrote this grievance on March 24, 2015, about a month and a half after the incident, while in an observation cell at SMCI's infirmary. (ECF No. 1-1). This is the grievance that Plaintiff alleges he attempted to deliver to ILAP.[2]

B. <u>Analysis</u>

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

[2] While the grievance is signed and dated March 24, 2015, the grievance refers to events that occurred in May 2015. (ECF No. 1-1, at 7).

> facility until such administrative remedies as are available
> are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an ARP through which prisoners may seek formal review

6

of a complaint or grievance relating to any aspect of their incarceration.[3] Effective September 19, 2010, the ARP is a two-step process. *Threadgill v. Moore,* No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

Accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, Plaintiff's pleadings do not contain sufficient factual matter, accepted as true, to state a claim against Dr. Woodall that is plausible on its face. The grievance at Exhibit A that Plaintiff contends he attempted to file in March 2015, about a month and a half after the incident, does not make complaints concerning Plaintiff's medical care at SMCI, and it does not make complaints regarding Dr. Woodall. Plaintiff did not assert claims against Dr. Woodall until he amended his Complaint on May 25, 2016. (ECF No. 11, at 2-3). Therefore, even assuming that Plaintiff attempted to exhaust his administrative remedies as he contends that he did, Plaintiff took no steps to exhaust administrative remedies with respect to the claims against Dr. Woodall before filing this lawsuit. The claims against Dr. Woodall are barred by 42 U.S.C. § 1997e(a) and must be dismissed.

### III. RECOMMENDATION

It is recommended that Defendant Dr. Ron Woodall's Motion to Dismiss for Failure to Exhaust Available Administrative Remedies (ECF No. 19) be granted and the claims against Dr. Woodall dismissed without prejudice.

---

[3]*See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 15th day of November, 2016.

<u>s/ John C. Gargiulo</u>
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE