IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN M. ROBINSON | § § § | PLAINTIFF |
| v. | § § § § | Civil No. 1:16cv103-HSO-JCG |
| MARSHALL FISHER, *et al.* | § | DEFENDANTS |

**ORDER ADOPTING MAGISTRATE JUDGE'S [28] REPORT
AND RECOMMENDATION; GRANTING DEFENDANT RONALD
WOODALL'S [19] MOTION TO DISMISS FOR FAILURE
TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES; AND
GRANTING DEFENDANTS MARSHALL FISHER AND UNKNOWN
CRAWSON'S [31] MOTION FOR SUMMARY JUDGMENT
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

BEFORE THE COURT is the Report and Recommendation [28] of United States Magistrate Judge John C. Gargiulo, entered in this case on November 15, 2016, on the Motion [19] to Dismiss for Failure to Exhaust Available Administrative Remedies filed by Defendant Ronald Woodall.  Based upon his review of Plaintiff's Complaint [1], Defendant Woodall's Motion [19], related pleadings, and relevant legal authority, the Magistrate Judge recommended that Defendant Woodall's Motion [19] be granted and that Plaintiff's claims against Defendant Woodall be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.  R. & R. [28] at 9.  Plaintiff has not filed any objection to the Report and Recommendation.  After thoroughly reviewing the Magistrate Judge's Report and Recommendation [28], Defendant Woodall's Motion [19] to Dismiss, the record, and

1

relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [28] should be adopted as the finding of the Court. Defendant Woodall's Motion [19] to Dismiss should be granted, and Plaintiff's claims against Defendant Woodall should be dismissed without prejudice.

Also before the Court is the Motion [31] for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Marshall Fisher and Judy Clawson (incorrectly identified as "Unknown Crawson"). Plaintiff has not responded to Defendants Fisher and Clawson's Motion [31]. Having reviewed Plaintiffs' Complaint [1], Defendants Fisher and Clawson's Motion [31], the record as a whole, and relevant legal authority, the Court is of the opinion that Defendants Fisher and Clawson's Motion [31] should also be granted. Plaintiff's claims against Defendants Fisher and Clawson should also be dismissed without prejudice.

## I.   BACKGROUND

A.   Factual background

At the time he filed the Complaint [1] on March 24, 2016, Plaintiff Jonathan M. Robinson ("Plaintiff" or "Robinson") was incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *See* Compl. [1] at 1. Plaintiff alleges that in 2014 he was being held at the George County Community Work Center ("CWC"), where he was assigned to clean the lagoon at the waste treatment plant without the proper personal protective equipment. *Id.* at 4.

In November 2014, Plaintiff was moved to Beat 3 Road Maintenance in George County, and on February 8, 2015, Plaintiff was reassigned to Beat 4 Road

Maintenance in the County. *Id.* at 5. Plaintiff alleges that on February 8, 2015, a County worker named Jason Unknown ("Jason") ordered Plaintiff to ride on a one-person tractor with him. *Id.* "Jason hit a bump on the road, and [Plaintiff] fell off the tractor." *Id.* "Jason ran over [Plaintiff] with the tractor – breaking [Plaintiff's] left leg in several places, detaching [his] calf muscle from the bone, and crushing [his] left foot." *Id.* at 5-6. Plaintiff was transported to a hospital where he remained until mid-March 2015, when he returned to the SMCI infirmary. *Id.* at 6-7. While in the infirmary, Plaintiff was under the care of Defendant Dr. Woodall. Plaintiff states that Dr. Woodall released him from his care in May 2015, at which point Plaintiff was placed back in general population. *Id.* at 7.

While Plaintiff was in the SMCI infirmary, he claims that he "repeatedly requested to [Inmate Legal Assistance Program ("ILAP")] to pick up a ARP. But either the staff [he] was giving it to did not drop the forms in the right box, or the forms were ignored, or during ILAP [Plaintiff] would be at a DR appointment." *Id.* Plaintiff asserts that he "repeatedly tried to follow MDOC procedures to file this ARP but through no fault of [his] own it never happened." *Id.*

Plaintiff attaches to the Complaint a handwritten copy of what he alleges is the ARP he drafted in the infirmary, but that was never picked up. *See* Ex. "A" [1-1] at 1-9. The date above Plaintiff's signature on this document is March 24, 2015. *Id.* at 9. The "Statement of Claim" in the ARP mentions Plaintiff's work at the George County CWC, his leg injury and treatment, and his attempts to submit an ARP. *Id.* at 3-6.

B.    <u>Procedural history</u>

Plaintiff filed the Complaint [1] in this case on March 24, 2016, pursuant to 42 U.S.C. §1983, naming as Defendants Marshall Fisher ("Fisher"); Unknown Crawson, later identified as Judy Clawson ("Clawson");[1] and Jason Unknown ("Jason"). *Id.* at 1-2. Pursuant to Orders [12], [13] entered on June 2 and 10, 2016, the Magistrate Judge directed the Clerk to add John and Jane Does, Dr. Woodall, Nurse Patterson, and Nurse Brown as Defendants. Order [12] at 1; Order [13] at 1. On June 14, 2016, the Court dismissed Nurses Patterson and Brown. Order [14] at 5.

Plaintiff claims that Fisher is liable on a theory of respondeat superior because "it is his duty to properly train and provide proper equipment for the officers under him." Pl.'s Answers to the Court [11] at 1. Plaintiff asserts that Clawson "violated [his] constitutional rights because as the individual in charge at the George County Community Work Center she should have made sure that [Plaintiff] had the necessary safety equipment." *Id.*

Plaintiff alleges that Dr. Woodall "failed to follow Dr. Gregg's (a specialist) orders, which were to walk about for 30 minutes every day to prevent a blood clot and stiffness. Further I did not continue the physical therapy which was started at Forest [sic] General Hospital." *Id.* at 2.

On June 22, 2016, Defendant Woodall filed a Motion [19] to Dismiss for Failure to Exhaust Available Administrative Remedies under the Prison Litigation

---

[1] Fisher and Clawson's Answer [24] identified "Unknown Crawson" as Judy Clawson. However, no Motion has been filed to correct her name on the docket.

4

Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA"). Woodall's Mot. [19] at 1-2. Woodall argues that the ARP Plaintiff allegedly attempted to submit does not mention any claims against him, such that Plaintiff's attempts to justify his failure to exhaust administrative remedies fail as to Woodall. *Id.* at 2.

Plaintiff responded that "[r]emedies for plaintiff are no longer available due to inability to avail to them [sic] prior as mention [sic] in 9(23)." Pl.'s Resp. [27] at 1. Based upon the address on the envelope provided by Plaintiff with his Response [27], the Clerk of Court updated Plaintiff's address on the docket to be Central Mississippi Correctional Facility in Pearl, Mississippi.

On November 15, 2016, the Magistrate Judge entered a Report and Recommendation [28]. The Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies as to his claim against Woodall, R. & R. [28] at 7, and recommended that Defendant Woodall's Motion [19] to Dismiss be granted, *id.*

On November 21, 2016, the Court received an acknowledgement [33] of receipt, indicating that Plaintiff had received the Report and Recommendation [28]. However, on December 5, 2016, the envelope containing the Report and Recommendation [28] was returned as undelivered. The envelope was marked "RETURN TO SENDER" and "Parole." Returned Envelope [35] at 1.

Over three months have passed since the Magistrate Judge entered his Report and Recommendation [28], and Plaintiff has not updated his mailing address with the Clerk of Court. Nor has Plaintiff filed any objections to the Report and

Recommendation, and the time for doing so has passed. Plaintiff has not filed anything in this case since he submitted his Response [27] to Woodall's Motion [19] to Dismiss on August 24, 2016, nearly six months ago.

On November 17, 2016, Defendants Fisher and Clawson filed a Motion [31] for Summary Judgment for Failure to Exhaust Administrative Remedies. Plaintiff has not responded to Fisher and Clawson's Motion [31].

## II. DISCUSSION

A. The Court will adopt the Magistrate Judge's Report and Recommendation [28] and grant Woodall's Motion [19] to Dismiss.

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. Even if the Court conducted a de novo review, the result would be the same. Assuming Plaintiff drafted the "Request for Administrative Remedy" on March 24, 2015, while he was in the infirmary and was somehow prevented from submitting it, as he alleges, the "Request for Administrative Remedy" does not mention any claims against Woodall. The

Request only mentions Dr. Woodall in passing, stating that "since I was released from Dr. Woodall in May of 2014 [sic], I have been denied legal services because I have been moved through the system so much."  Ex. "A" [1-1] at 6.  The Request itself does not appear to charge Dr. Woodall with any type of wrongful conduct.  *See id.*

Plaintiff has not exhausted his administrative remedies as to his claim against Woodall.  *See Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) ("The PLRA requires prisoners to exhaust 'such administrative remedies as are available' prior to filing a § 1983 action regarding prison conditions.") (quoting 42 U.S.C. § 1997e(a)).  The Court will therefore adopt the Magistrate Judge's Report and Recommendation [28], grant Woodall's Motion [19] to Dismiss, and dismiss Plaintiff's claims against Woodall without prejudice.

B.   <u>Defendants Fisher and Clawson's Motion for Summary Judgment should be granted.</u>

   1.   <u>Relevant legal standards</u>

Rule 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine

7

issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

"The PLRA requires prisoners to exhaust 'such administrative remedies as are available' prior to filing a § 1983 action regarding prison conditions." *Cowart*, 837 F.3d at 451 (quoting 42 U.S.C. § 1997e(a)). Exhaustion is an affirmative defense, and the burden is on a defendant to prove a plaintiff failed to exhaust available administrative remedies. *Id.*

The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that

"[t]he prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart*, 837 F.3d at 451. The Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies *properly*." *Id.* (emphasis in original) (quotation omitted).

The MDOC has a "formal two-step process for handling inmate grievances." *Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq*.; *Wilson v. Epps*, 776 F.3d 296, 300 n.2 (5th Cir. 2015)). "Section 1997e's exhaustion requirement is satisfied only if the prisoner 'pursue[s] the grievance remedy to conclusion.'" *Wilson*, 776 F.3d at 301 (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). When faced with a motion for summary judgment based upon failure to exhaust, the Fifth Circuit has held that "judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010); *see also Hanna v. Anderson*, 624 F. App'x 186, 187 (5th Cir. 2015).

    2.    <u>Defendants Fisher and Clawson have demonstrated that they are entitled to summary judgment.</u>

Defendants Fisher and Clawson argue that Plaintiff failed to exhaust available administrative remedies as to his claims against them. Defendants Fisher and Clawson have presented competent summary judgment evidence indicating that Plaintiff "has not filed a grievance through the Administrative Remedy Program at SMCI regarding breaking his leg in February 2015 while

9

working on road maintenance detail with the county."   Aff. of Joseph Cooley [31-1] at 1.   Plaintiff has not responded to the Motion for Summary Judgment or otherwise submitted any competent summary judgment evidence in opposition to dispute Defendants Fisher and Clawson's assertions.

In Plaintiff's form Complaint [1], he marked "No" when asked whether he had "present[ed] to the grievance system the same facts and issues you allege in this complaint?"   Compl. [1] at 1.   Plaintiff attached an ARP which he allegedly "prepared while in the infirmary in March 2014 [sic] that was never picked up by ILAP."   Ex. "A" [1-1] at 1.   The Complaint attempts to explain Plaintiff's failure to file an ARP:

> During the specified time frame for the grievance system in MDOC, I was in the hospital at Forrest General as a result of the injuries that I am complaining about in this lawsuit.   I spent more than 1 month in traction and severe pain.   As set forth in the State of Claim section in this lawsuit, and a [sic] exhibit that I am also attaching, I tried to file this ARP while I was in the infirmary.
>
> But seeing how I had a shattered left leg I could not physically put the form in the box, so I had to rely on staff to do this.   Either the staff did not drop the form or it was ignored by the ILAP staff.   Now I am time barred from filing it and the time limit for being able to file this . . . .
> \* \* \*
> I tried in good faith [to use the grievance procedures], but I was in the hospital at Forrest General in traction, then I was at the infirmary at SMCI in a [sic] observation cell for 3 months from March to May of 2015.

Compl. [1] at 3-4.

Plaintiff's Complaint was signed under penalty of perjury.   *Id.* at 12. However, there is some discrepancy between the dates and facts contained in the Complaint and those in the "Request for Administrative Remedy" which Plaintiff

10

allegedly "prepared while in the infirmary in March 2014 [sic] . . . ." Ex. "A" [1-1] at 1. The "Request for Administrative Remedy" was purportedly drafted on March 24, 2015, Ex. "A" [1-1] at 2 & 9, while Plaintiff was in the SMCI infirmary, *see* Compl. [1] at 3, but the exhibit itself claims that Plaintiff had been denied legal services "since [he] was released from Dr. Woodall in May of 2014 [sic]," Ex. "A" [1-1] at 6; *see also* Compl. [1] at 7 ("I was transported to SMCI infirmary where I remained until May of 2015, until released by Dr. Woodall back to general population.").

The "Request for Administrative Remedy" also states that Plaintiff "was housed in the infirmary for March, April and May of 2015, to heal up, completely isolated except for contact with the medical staff." *Id.* at 6. This appears to be inconsistent with Plaintiff's assertion that he drafted this document while in the infirmary on March 24, 2015. *Compare id.* at 6, *with id.* at 9; Compl. [1] at 3. It is clear from the text of the "Request for Administrative Remedy" itself that this document was prepared at some point after May 2015, rather than in March 2015.

Regardless of when the "Request for Administrative Remedy" was actually drafted, Plaintiff has not alleged that he ever actually submitted or attempted to submit the "Request for Administrative Remedy" after he was released from the infirmary and placed back into the general population of the prison. The Fifth Circuit has held that administrative remedies are deemed unavailable for a temporary injury only when "(1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's

11

subsequent attempt to exhaust his remedies based on the untimely filing of a grievance." *Days v. Johnson*, 322 F.3d 863, 867-68 (5th Cir. 2003), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 216 (2007).

According to the Complaint, Plaintiff's injury occurred on February 8, 2015, Compl. [1] at 5, and Plaintiff was released from the infirmary in May 2015, *id.*, but he did not execute his Complaint [1] until March 8, 2016, *id.* at 12. Assuming for the sake of argument that Plaintiff was unable to file an ARP because of his physical injury until he was released from the infirmary, there is no indication in the record that Plaintiff's ARP was rejected as untimely, or that Plaintiff ever attempted to submit an ARP after he was released by Dr. Woodall. *See Days*, 322 F.3d at 867-68. Even if Plaintiff was unable to submit an ARP while he was undergoing medical treatment, this did not obviate the need to attempt to exhaust his available administrative remedies before filing this lawsuit.

Based upon the record as a whole and relevant legal authority, the Court finds that Plaintiff has not exhausted his available administrative remedies. Defendants Fisher and Clawson's Motion for Summary Judgment should be granted, and Plaintiff's claims against Fisher and Clawson will be dismissed without prejudice.

C. <u>Plaintiff's claims should also be dismissed without prejudice for failure to prosecute.</u>

This Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S.

626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link*, 370 U.S. at 629-30.

Plaintiff has not kept the Court apprised of his mailing address, even after being warned numerous times that failure to do so would be deemed a purposeful delay and contumacious act and may result in the dismissal of his case. *See, e.g.,* Order [3] at 2; Order [5] at 2; Order [9] at 3; Order [15] at 2-3; Order [20] at 2. Plaintiff has filed nothing in this case in over six months, since he responded [27] to Defendant Woodall's Motion to Dismiss [19] on August 24, 2016. Nor has Plaintiff updated his address in the time since the Magistrate Judge's Report and Recommendation was entered and mailed to him on November 15, 2016, three and a half months ago. Such inaction represents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue this case. Dismissal is also warranted on this basis.

### III. CONCLUSION

The Magistrate Judge's Report and Recommendation [28] is neither clearly erroneous or contrary to law, and will be adopted as the finding of the Court. Further, Defendants Fisher and Clawson are entitled to summary judgment based upon Plaintiff's failure to exhaust administrative remedies as to his claims against

13

them. Defendant Woodall's Motion [19] to Dismiss and Defendants Fisher and Clawson's Motion [31] for Summary Judgment will both be granted. Plaintiff's claims against Defendants Woodall, Fisher, and Clawson will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [28] of United States Magistrate Judge John C. Gargiulo, entered in this case on November 15, 2016, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [19] to Dismiss for Failure to Exhaust Available Administrative Remedies filed by Defendant Ronald Woodall is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [31] for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Marshall Fisher and Unknown Crawson is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Jonathan M. Robinson's claims against Defendants Ronald Woodall, Marshall Fisher, and Unknown Crawson are **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 1st day of March, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE